# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CHARLES CAMERON COHEN,**

      **Plaintiff,**

**vs.**                                  **Case No. 4:18cv06-MW/CAS**

**DEPARTMENT OF THE TREASURY,
INTERNAL REVENUE SERVICE,
and JILL ALLEN,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, has submitted an amended civil rights complaint.  ECF No. 5.  Plaintiff's amended complaint has been reviewed to determine if Plaintiff has alleged sufficient facts to state a claim upon which relief could be granted.[1]  It now appears from Plaintiff's allegations that he has previously litigated the claim raised in this case in the United States District Court for the Southern District of New York.

---

[1] Plaintiff's original complaint did not include a Statement of Claim, *see* ECF No. 1 at 6, nor did Plaintiff request any relief.

Plaintiff has stated that his "first complaint" concerning his tax return was filed in New York.  He said that Jill Allen, an Internal Revenue Service clerk, asked him for his social security number on January 24, 2017.  ECF No. 5 at 9.  Plaintiff said he "emailed her the same day" but did not "hear anything else from her."  *Id.*  Plaintiff also said that he was required to file an amended complaint in his first action in June 2017.  *Id.*  Plaintiff did so and then learned on June 19, 2017, that his case was dismissed.  *Id.*  Plaintiff now seeks assistance in this Court in receiving his tax refund, and claims that funds have been withheld for an unknown reason.  *Id.* at 10.

Judicial notice is taken of the Order of Dismissal entered in case number 1:17cv01459-CM, Southern District of New York.  ECF No. 7 of that case.  Chief United States District Judge Colleen McMahon dismissed Plaintiff's amended complaint which was filed in that court on January 4, 2017.  *Id.*  The Order explained that Plaintiff's case was filed "against the U.S. Department of the Treasury Internal Revenue Service ('IRS') and Jill Allen, an IRS clerk, seeking a refund of taxes."  *Id.*  Judge McMahon pointed out that Plaintiff had previously been informed "that before bringing an action in federal court, a taxpayer who seeks a tax refund must first file

an administrative claim with the IRS and pay any assessed tax." *Id.* at 2 (citing 26 U.S.C. § 7422(a); 26 C.F.R. § 601.103(c)(3); and Flora v. United States, 362 U.S. 145, 177 (1960)). Plaintiff's amended complaint reiterated the assertions made in his original complaint, but again did not "allege facts demonstrating that he [had] filed an administrative refund claim with the IRS prior to filing his complaint." *Id.* Therefore, Plaintiff's amended complaint was dismissed for lack of subject matter jurisdiction. *Id.*[2]

In this case, Plaintiff's amended complaint suffers from the same deficiency. Plaintiff has named both the Department of the Treasury, Internal Revenue Service as well as employee Jill Allen[3] as Defendants in both cases, and he once again seeks assistance in receiving his tax refund. This Court cannot provide such assistance to Plaintiff.

Furthermore, Plaintiff's amended complaint does not provide facts alleging that a refund has wrongfully been withheld. Plaintiff's amended

---

[2] The Order of Dismissal entered by Judge McMahon is attached as an exhibit to this Report and Recommendation for Plaintiff's benefit.

[3] Notwithstanding, a suit brought to obtain a tax refund may be "maintained only against the United States and not against any officer or employee of the United States (or former officer or employee) or his personal representative." 26 U.S.C. § 7422(f)(1).

complaint demonstrates he simply does not know why he has not received his refund.  Thus, it is evident that Plaintiff has not exhausted administrative remedies and this case should be dismissed because Plaintiff's amended complaint fails to demonstrate that he filed an administrative claim with the IRS as required by 26 U.S.C. § 7422(a).[4] Gladney v. Serv., No. 8:16-CV-1700-T-36TBM, 2016 WL 4443195, at *2 (M.D. Fla. July 5, 2016), report and recommendation adopted sub nom. Gladney v. Internal Revenue Serv., No. 8:16-CV-1700-T-36TBM, 2016 WL 4443196 (M.D. Fla. July 25, 2016) (dismissing complaint and explaining that because plaintiff had failed to allege that he had first filed an administrative claim with the IRS for a refund or credit, the court could not determine that subject matter jurisdiction existed).  A case may not be filed in any court until Plaintiff exhausts the administrative remedy provided in § 7422(a).  Because Plaintiff did not provide allegations demonstration that

---

[4] That statute provides: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, . . . or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."  26 U.S.C. § 7422(a).

he complied with § 7422(a), he has not demonstrated that subject matter

jurisdiction exists.  This case should be summarily dismissed.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's amended

complaint, ECF No. 5, be **DISMISSED** for lack of subject matter

jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on January 17, 2018.


S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES CAMERON COHEN,

                           Plaintiff,

        -against-                                    17-CV-1459 (CM)

U.S. DEPARTMENT OF THE TREASURY                      ORDER OF DISMISSAL
INTERNAL REVENUE SERVICE; JILL
ALLEN,

                           Defendants.

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, filed this action against the U.S. Department of the Treasury

Internal Revenue Service ("IRS") and Jill Allen, an IRS clerk, seeking a refund of taxes. On

April 26, 2017, the Court directed Plaintiff to amend his complaint. Plaintiff submitted an

amended complaint on January 4, 2017, which the Court has reviewed. The Court dismisses the

amended complaint for the reasons set forth below.

## BACKGROUND

    Plaintiff alleged in the initial complaint that after communicating with an IRS

representative who stated that Plaintiff had not filed taxes for the years 2003, 2004, 2007, and

2008, he downloaded forms and mailed them to the IRS. Weeks later, Plaintiff received a letter

that he did not understand, and therefore, he called and spoke to another representative, who also

did not understand the letter. After faxing several letters to the IRS, Plaintiff received an email

from Jill Allen, asking for a contact number. Plaintiff responded by emailing Ms. Allen and

asking for a refund. On January 24, 2017, Ms. Allen emailed him again, asking for his social

security number. Plaintiff emailed Ms. Allen again with the social security number, but since

then, he has not heard anything from the IRS.

Because Plaintiff was seeking a refund of his taxes, by order dated April 26, 2017, the Court informed Plaintiff that before bringing an action in federal court, a taxpayer who seeks a tax refund must first file an administrative claim with the IRS and pay any assessed tax. See 26 U.S.C. § 7422(a); 26 C.F.R. § 601.103(c)(3); *see also Flora v. United States*, 362 U.S. 145, 177 (1960). As Plaintiff failed to allege whether or when he filed an administrative claim with the IRS and whether the IRS responded to the claim, the Court directed him to submit an amended complaint to clarify whether he has fully exhausted his claim for a tax refund through formal administrative procedures.

On May 10, 2017, the Court received an amended complaint from Plaintiff, in which he essentially reiterates his assertions from the first complaint. Plaintiff adds that he "wrote an amended complaint but can't find [his] first complaint to go with [his] second complaint" and specifically addresses the Court with the following statement:

> To the US District Judge Colleen McMahon. I'm hoping you will see I have a refund due to me from the Internal Revenue Service and I will like to receive my funds within four months of my first complaint or a complaint will go to the U.S. Supreme Court.

(ECF No. 6 at 8.)

## DISCUSSION

Because Plaintiff fails to allege facts demonstrating that he has filed an administrative refund claim with the IRS prior to filing his complaint, see 26 U.S.C. § 7422 (a), the Court lacks subject matter jurisdiction over this action. *Kirsh v. United States*, 131 F. Supp. 2d 389, 391 (S.D.N.Y. 2000), *aff'd*, 258 F.3d 131 (2d Cir. 2001); *Holmes v. C.I.R.*, No. 13-CV-0768, 2015 WL 5714256, at *3 (W.D.N.Y. Sept. 29, 2015) ("Plaintiff may, upon paying any taxes owed, subsequently file an administrative claim for a refund after which, should the administrative claim be denied, with his administrative remedies then exhausted, Plaintiff may commence a tax

2

refund [action] in this court.") Plaintiff's amended complaint fails to satisfy the jurisdictional

prerequisites necessary to bring an action against the IRS for improper withholding of taxes.

Plaintiff's amended complaint is therefore dismissed for lack of subject matter jurisdiction.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on

the docket. Plaintiff's amended complaint is dismissed is for lack of subject matter jurisdiction.

*See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  June 12, 2017
        New York, New York

_____
        COLLEEN McMAHON
        Chief United States District Judge

3